Seawell, J.
delivered the Opinion of the Court:
When the Land Offices were opened, after the Revolution, every citizen of the State, by the. express words of the Act, had permission to enter vacant lands; and the only preference as to the right of entry, is specified in the 6th section of the Act, and this right grew out of the Revolution, which shut up the different offices before the bona jide settlers had an opportunity of perfecting their titles. .The Legislature, with a view of preventing a new enterer from turning out one who had entered and improved lands that he had had an opportunity of patenting, or who had seated himself with intention of entering, bnt had been disappointed by the discontinuance of the offices, enacted, that such disputes should be decided by a Jury on the premises ; but the same Act declared, that» this preference from prior entry or prior occupancy, should cease, unless such enterer or occupant should perfect his title by January, 1779. In 1779, the Legislature per-, ceiving that a difficulty had arisen in construing the Act of 1777, inasmuch as it was not declared by that Act, which should be preferred, a prior occupancy or a prior entry, an Act of that session declares, that an occu *82 pancy of seven years shall be preferred. Every other case, therefore, but those, which sprang from the discontinuance of the land-offices, remains unoperated upon by the Act; and in all others, the first enterer must prevail.
None of our Acts of Limitation can have any influence, whether with or without colour of title; for they are bottomed upon á presumption that a grant once existed, but has been lost; but in the case of a caveat, both parties admit the lands to be vacant, but are disputing as to whom a title shall be made.
The awarding the venire facias de novo, was therefore wrong, and should beset aside, and Judgment rendered in favour of the enterer.